IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID L WRIGHT, Individually and As Executor of the Estate of Margaret Wright, and Nancy Wright** : : : : **Plaintiff**, : : vs. : : **TRAVELERS CASUALTY AND SURETY COMPANY, et al.** : : : **Defendants**. : | Case No.: 2: 10-CV-00386 **JUDGE ALGENON L. MARBLEY** **Magistrate Judge Deavers** |

## OPINION & ORDER

### I. INTRODUCTION

In this diversity action removed from state court, Plaintiffs seek a determination of the parties' rights and obligations with respect to uninsured motorist coverage under an automobile liability insurance policy and a homeowners policy. On March 22, 2010, this Court granted leave for the Plaintiff to file an amended complaint to identify Standard Fire Insurance Company ("Standard Fire") as the provider of the insurance policies at issue and thus the proper Defendant. On March 23, 2010, Plaintiffs filed a First Amended Complaint in which they identify Standard Fire as the proper Defendant. This matter is currently before the Court on Defendant Travelers Casualty and Surety Company's ("Travelers") Motion for Summary Judgment. (Doc. 20). For the reasons set forth below, this Motion is **GRANTED**.

### II. BACKGROUND

On December 24, 2008, Margaret Wright was fatally injured while a passenger in a vehicle owned and driven by Martha Beals. Besides her husband, Lowell A. Wright, Sr., Margaret Wright's two adult children, Plaintiffs David and Nancy Wright, survived her. Following the accident and some time before May 2009, the Plaintiffs submitted a claim to their insurer, Travelers, for loss of consortium damages and reimbursement for expenses they incurred as a result of their mother's death in excess of Martha Beal's $100,000 liability insurance policy.

The Plaintiffs held two policies with Standard Fire. The first was a Personal Auto Policy (the "Auto Policy") that was effective from October 14, 2008 to April 14, 2009.  The Auto Policy had eight coverage components: (1) Bodily Injury; (2) Property Damage; (3) Medical Payments; (4) Uninsured Motorists; (5) Collision; (6) Comprehensive; (7) Extended Transportation Expense; (8) Towing and Labor Costs. The second policy was a High Value Homeowners Policy (the "Homeowners Policy") effective from April 14, 2008 to April 14, 2009, which included a Personal Liability Umbrella Supplement ("Umbrella Supplement"). This Umbrella Supplement included Uninsured Motorists Endorsement coverage ("Motorists Endorsement").

On May 1, 2009, an attorney working on behalf of Plaintiff David Wright sent a Travelers representative a letter in which he stated that the Plaintiffs had yet to receive payment for their claim filed after Margaret Wright's death. On July 29, 2009, counsel for Lowell A. Wright, Sr. submitted another letter to Travelers indicating that he and his two children had still yet to receive payment for their claim and would thus pursue legal channels to recover payment.

On April 30, 2010, the Plaintiffs filed a Complaint against the Defendant asserting breach of contract, intentional infliction of emotional distress, negligence, bad faith, and actual malice, fraud and insult claims. The Defendant denied liability for all these claims. On this same date, Travelers filed a motion to remove the case from the Delaware County Common Pleas Court to this Court pursuant to 28 U.S.C. § 1446. A notice docketing the removal was also filed on April 30, 2010.

On November 23, 2010, the Defendant filed a Motion for Summary Judgment claiming that no issue of material fact existed so this Court should dismiss the present action. The Plaintiffs filed a Response in Opposition to the Summary Judgment Motion, and the Defendant filed a Reply in Support of its Motion for Summary Judgment. This matter is currently before the Court.

### III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). The central inquiry

is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  But the non-moving party "may not rest merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).  When ruling on a motion for summary judgment, a district court is not required to sift through the entire record to drum up facts that might support the nonmoving party's claim.  *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).  Instead, the Court may rely on the evidence called to its attention by the parties.  *Id.*

### IV. LAW AND ANALYSIS

In their Motion for Summary Judgment, the Defendants argue that no issue of material fact exists regarding their liability under either the Uninsured Motorist coverage in the Auto Policy or the Motorists Endorsement within the Homeowners Policy because: (1) neither Plaintiff is legally liable for a "bodily injury" suffered by a third party as defined in either of the two policies; and (2) neither Plaintiff has individually suffered "bodily injury" as defined in the two policies based on the damages they claim to have suffered.

In their Complaint, the Plaintiffs do not allege that they are entitled to damages because of a "bodily injury" suffered by a third party; rather, they assert that injuries they sustained as a result of their mother's death entitles them to damages under the allegedly broad language used

in both the Uninsured Motorist and Motorists Endorsement policies. In the Complaint, the Plaintiffs identified the following language from the Motorists Endorsement, which outlines the terms of coverage:

**INSURING AGREEMENT**

We will pay damages that the "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" suffered by the "insured" and caused by accident.

Though the Plaintiffs did not highlight the relevant policy language from the Uninsured Motorist coverage in the Auto Policy, the Defendant Travelers identifies the terms of this policy as:

**AGREEMENT**
In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages you have selected. These are shown by premium entries in the Declarations. The Declarations is a part of this policy.

In addition, the Defendants cite the following policy language from the Section D, Uninsured Motorists coverage, which specifically defines the terms of coverage for accidents caused by negligent drivers:

**INSURING AGREEMENT**

**A**. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of:

1. An "uninsured motor vehicle" as defined in Sections 1., 2., and 4. of the definition of an "uninsured motor vehicle" because of "bodily injury":

a. Sustained by an "insured"; and

B. Caused by an accident.

-5-

>> 2. An "uninsured motor vehicle" as defined in Section 3. Of the definition of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured".

> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle". We will pay under this coverage only if 1. Or 2. below applies:

>> 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements;

It is undisputed that Plaintiffs fit within the definition of "insured" as defined in both the Motorists Endorsement under the Homeowners Policy and the Uninsured Motorist coverage within the Auto Policy. It is also undisputed that Mary Beals was operating an "uninsured motor vehicle," as defined in the Motorists Endorsement and the Uninsured Motorist coverage, when causing the accident that led to Mrs. Wright's death. Additionally, both policies require that an "insured" have actually suffered the "bodily injury" for which they are attempting to recover in order to be eligible to submit a claim for damages. Specifically, the Motorists Endorsement policy says that it will cover damages for "bodily injury suffered by the insured," and the Uninsured Motorist policy covers, "bodily injury sustained by an insured." Thus, the only issue is whether the Plaintiffs have sustained a "bodily injury," which entitles them to damages under either policy.

The Uninsured Motorist and Motorists Endorsement policies define "bodily injury" very similarly. The Uninsured Motorist policy states that "bodily injury" means "bodily harm, sickness or disease." The Uninsured Motorist policy further elaborates that bodily injury "includes required care, loss of services, death and mental anguish that results." The Motorists Endorsement policy defines "bodily injury" as "bodily harm, sickness or disease, including death that results." Thus, both policies require that an insured have experienced bodily harm, sickness,

disease, or, in the case of the Motorists Endorsement policy, death, in order to find that they have suffered a "bodily injury" under either policy. To succeed at this summary judgment stage, therefore, the Defendants must show that no genuine issue of material fact exists as to whether the two relevant policies' definition of "bodily injury" cover loss of consortium damages and funeral and long-term care costs, the injuries that the Plaintiffs claim to have suffered. Conversely, if the Plaintiffs can demonstrate that a reasonable fact-finder could determine that "bodily injury" as defined in either policy does include loss of consortium or funeral and long-term cost damages, summary judgment should be denied.

### A. Loss of Consortium Damages

In their Motion for Summary Judgment, the Defendants argue that loss of consortium damages constitute a "nonbodily" injury and are, accordingly, not included within the definition of "bodily injury" as defined in either policy. The Defendants rely on *Kudla v. Wendt*, a 2007 Ohio Appellate Court decision in which that court denied coverage under the uninsured motorist policy at issue, finding that the loss of consortium damages an insured person suffered as a result of a non-resident family member's death in a car accident did not constitute a "bodily injury."*Kudla v. Wendt, et al*, 2007 Ohio App. LEXIS 5813 (December 13, 2007). (quoting *Lane v. Grange Mut. Cos.*, 45 Ohio St.3d 63 (1989)). The *Kudla* Court followed an earlier opinion reached by the Ohio Supreme Court who found that loss of consortium claims were subject to Ohio law's nonbodily injury statute of limitations and should thus be considered nonbodily injuries. *See Lane et al. v. Grange Mut. Co.*, 45 Ohio St. 3d 63 (August 16, 1989). The Defendant Travelers argues that pursuant to *Kudla* and *Lane*, loss of consortium damages, no

matter the specific policy language at issue, cannot be considered a "bodily injury" under Ohio law.

The Court finds this argument persuasive. Though the policy language at issue in *Kudla* is distinct from that used in Standard Fire's Motorist Endorsement and the Uninsured Motorist Coverage policies, the Ohio Supreme Court's decision makes clear that loss of consortium damages do not qualify as a "bodily injury," regardless of how a particular policy might define the term. Thus, it is not necessary to interpret the language of either policy at issue in this case. Both policies require the Plaintiffs, as "insured" persons, to prove that they have suffered a "bodily injury" of some kind, and the Ohio Supreme Court has definitively stated that loss of consortium damages do not qualify as such an injury. Thus, no genuine issue of material fact exists as to whether the Plaintiffs are entitled to coverage from Standard Fire for a claim based on loss of consortium damages.

In arguing that their loss of consortium damages fall under the "bodily injury" definition as outlined in the policies, the Plaintiffs point to several inapposite cases. First, Plaintiffs rely on *Roth v. Tri State Motor Transit Co.* in arguing that Ohio law entitles them to recover for loss of consortium damages as a "personal injury/bodily injury" that arose from the death of their mother. The plaintiffs in *Roth*, however, were seeking to recover directly from their deceased parent's employer for whom the parent was working at the time of his death. *Roth v. Tri State Motor Transit Co.*, 91 Ohio St. 3d 380 (April 25, 2001). Unlike this case, no automobile insurance policy was involved and whether loss of consortium fit within a "bodily injury" definition was not at issue.

The Plaintiffs further argue that this Court should follow an Ohio appellate court decision, *Jones v. Progressive Preferred Ins. Co.*, that found a surviving spouse was entitled to recover for her loss of consortium damages suffered as a result of her husband's death. The facts in *Jones v. Progressive Preferred Ins. Co.*, were distinct from the case *sub judice*, however, because the accident victim was also an "insured" under the policy at issue. Thus, because that plaintiff's husband was an "insured," his death in a car accident clearly qualified as a "bodily injury" within the terms of the policy and entitled the plaintiff to damages suffered as a result of that injury. By contrast, the Plaintiffs in this case attempt to recover for loss of consortium damages sustained as a result of an accident in which their mother, a third party non-"insured" party, was killed, claiming that their loss of consortium damages should be considered a "bodily injury." The *Jones* Court never decided this particular issue because it was presented with different factual circumstances. Hence, this Court does not find *Jones* persuasive.

The Plaintiffs also mistakenly rely on another Ohio appellate court case facing a similar issue to the one presented in this case. The Plaintiffs argue that in *Brunn v. Motorist Mut. Ins. Co.*, an Ohio appellate court found that a spouse was entitled to recover under her uninsured motorist insurance policy for her loss of consortium claim resulting from an accident in which her husband was injured. *Brunn v. Motorist Mut. Ins. Co.*, 2006 Ohio 33 (January 5, 2006). *Brunn*, however, is distinguishable from this case because the plaintiff there argued that her loss of consortium claim did not fit into an *exclusion* in the Defendant insurer's policy regarding automobiles not specifically covered in the policy. In reaching its decision, the Court made no definitive statement as to whether loss of consortium claims are covered under uninsured motorist policies; rather, the court made the narrow finding that the plaintiff's loss of consortium

damages claim did not fit within the policy's "other owned auto" exclusion. Indeed, this Court's finding that there is no genuine issue of material fact as to whether the present Plaintiffs' loss of consortium claim qualifies as a non-bodily injury, preventing coverage under either of the two policies at issue, is consistent with the *Brunn*.

Finally, the Plaintiffs argue that the Court should follow *American Modern Home Ins. Co. V. SAFECO Ins. Co. Of Illinois*, in which an Ohio appellate court found that two parents' claim for loss of consortium damages did not fit within the policy at issue's "other owned auto" exclusion and, therefore, entitled the parents to coverage. But, as in *Brunn*, the appellate court in this case was deciding whether the parents' claim fit within an exclusion to the uninsured motorist policy at issue rather than determining the bounds of the "bodily injury" term in the contract. Thus, the Court finds *American Modern Home Ins. Co.* distinguishable from the one currently before it.

## B. Funeral/Long-Term Care Costs

The Plaintiffs also make a claim to cover their deceased mother's funeral costs and the long-term care costs of their father. The Court looks no further than common sense to find that these costs are also clearly outside the definition of "bodily injury" as defined in either of the two plans. Though the Motorists Endorsement policy states that bodily injury "includes required care, loss of services, death and mental anguish that results," categories of injury under which the Wrights' claim for long-term care costs for their father seems to fall under, the operative word in this case is "includes." The Motorists Endorsement policy is clear an "insured" must satisfy the threshold showing of a "bodily injury" before the policy's coverage extends to loss of services damages that might emanate from such an injury. Thus, since it is uncontroverted that

loss of services and funeral costs damages are neither "bodily harm, sickness, or disease," the Plaintiffs have failed to demonstrate how they have suffered a "bodily injury" as defined in either policy. No reasonable find-finder could conclude that the Plaintiffs are entitled to a damages award to cover their deceased mother's funeral costs or their father's long-term care costs based on the evidence presented, and no genuine issue of material fact is present.

Since neither loss of consortium damages nor funeral and long-term care costs can be considered a "bodily injury" as defined in the terms of the two policies at issue and the Plaintiffs point to no evidence to refute this conclusion, no reasonable fact-finder could conclude that the Plaintiffs are entitled to coverage under either of the Defendant Standard Fire's two policies for these alleged injuries.

## V. CONCLUSION

Since no genuine issue of material fact exists as to whether the Plaintiffs are entitled to recover damages under either the Uninsured Motorist or Motorists Endorsement policies for any of the injuries they allege to have suffered, the Court hereby **GRANTS** the Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: August 17, 2011**